| | | | |
|---|---|---|---|
| | AUSA: | Susan Fairchild | Telephone: (313) 226-9577 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Officer: | Jeffrey Beswick | Telephone: (313) 964-3642 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America

    v.

Holmar Donely HERNANDEZ ESTRADA, a/k/a Holmar Donelly HERNANDEZ, a/k/a Holmar Hernandez ESTRADA, a/k/a Holmar "Omar" HERNANDEZ

Case: 2:25−mj−30687
Assigned To : Unassigned
Assign. Date : 11/10/2025
Description: CMP USA v Hernandez Estrada (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 7, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a), (b)(2) | Unlawful Re-Entry Following Removal, Aggravated Felony Conviction |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Jeffrey E, Beswick, Department of Homeland Security, CBP
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 10, 2025__

_Judge's signature_

City and state: __Detroit, MI__  Anthony P. Patti, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Jeffrey E. Beswick, an Officer with the Department of Homeland Security (DHS), Customs and Border Protection (CBP), being duly sworn, depose and state as follows:

## INTRODUCTION AND OFFICER BACKGROUND

1. I have been employed as an Officer with CBP since April of 2011, and I am currently assigned to the Detroit Admissibility Enforcement Unit at the Detroit Land Border Port of Entry. While employed with CBP, I have investigated and inspected arriving and non-arriving aliens for violations related to the Immigration and Nationality Act (INA). I have gained experience through training at the CBP Academy, post-Academy training, and field work as a CBP Officer.

2. This affidavit is being made for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Holmar Donely HERNANDEZ ESTRADA, a/k/a Holmar Donelly HERNANDEZ, a/k/a Holmar Hernandez ESTRADA, a/k/a Holmar "Omar" HERNANDEZ, is a 51-year-old male native and citizen of Guatemala, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected, or paroled into the United States by an Immigration Officer.

## PROBABLE CAUSE

4. On or about November 7, 2025, HERNANDEZ ESTRADA was encountered by CBP Officers at the Detroit-Windsor Tunnel in Detroit, Michigan, when the vehicle he was driving made a wrong turn and he was refused entry into Canada. During primary inspection, HERNANDEZ ESTRADA presented a State of Colorado Driver's License and a paper indicating he was allowed to withdraw his application to enter Canada to CBP Officer Wehrli. CBP Officer Wehrli then referred HERNANDEZ ESTRADA to secondary for further inspection with comments stating, "No status in the United States, wrong turn".

1

5. Once in secondary, HERNANDEZ ESTRADA was initially interviewed by CBP Officer J. Howe, and HERNANDEZ ESTRADA stated he was traveling to the Detroit Metro Airport to pick up his wife as she was flying in from Omaha, Nebraska when he made a wrong turn following his GPS. CBP Officer J. Howe then conducted a fingerprint search through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The search returned positive for HERNANDEZ ESTRADA being a match to Alien Registration number XXX-XXX-974, FBI number XXXXXXTA1, and Fingerprint Identification Number (FIN) XXXXX821.

6. Affiant was contacted and responded to the Detroit-Windsor Tunnel for the inspection of HERNANDEZ ESTRADA. Upon arriving at the Detroit-Windsor Tunnel, I was given a Guatemalan Passport number (XXX491795) bearing the name Holmar Donely HERNANDEZ ESTRADA (DOB: 10/X1/19XX) with a nationality of Guatemala and a Guatemalan Identification Card number (N045332968XXX) bearing the name Holmar Donely HERNANDEZ ESTRADA that was found in a backpack inside of the vehicle.

7. I then queried the name and date of birth on the mentioned documents in the Central Index System (CIS), which is a database used for storing and maintaining alien biographic, current, and historical immigration status information. This query returned positive findings for Alien File number XXX-XXX-974, and the name of Holmar Donelly HERNANDEZ a/k/a Holmar HERNANDEZ, (DOB: 10/X1/19XX), country of citizenship of Guatemala, and FIN: XXXXX821.

8. I then queried the Alien File number and FBI number associated with HERNANDEZ ESTRADA in the Enforce Alien Removal Module (EARM) which is a system used to track the removal and deportation of aliens and the Criminal History Query (III) which returned the following removals and criminal history.

9. On or about December 27, 1992, HERNANDEZ ESTRADA was arrested by the Los Angeles Police Department, California for the offense of Grand Theft: Vehicles, Vessels/ETC and he was granted arrest relief on or about December 22, 2024, per 851.93 of the California Penal Code.

10. On or about August 19, 1997, HERNANDEZ ESTRADA was arrested by the Maui Police Department, Hawaii for the offense of Liquor/Parking and he was found guilty and was sentenced to a fine.

11. On or about February 4, 2002, HERNANDEZ ESTRADA was convicted in the United States District Court, District of Hawaii for the offense of Possession with the Intent to Distribute Methamphetamine, a Schedule II-Controlled Substance in violation of Title 21 United States Code, Section 841(a)(1) and he was sentenced to 41 months' confinement and 4 years' supervised release.

12. On or about October 29, 2002, HERNANDEZ ESTRADA was served with a Final Administrative Removal Order pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. §1227(a)(2)(A)(iii) alien convicted of an Aggravated Felony by an Authorized Immigration and Naturalization Service Official in Eloy, Arizona.

13. On or about April 13, 2005, HERNANDEZ ESTRADA was removed from the United States from Chandler, Arizona via JPATS flight to Guatemala.

14. I queried the Consular Consolidated Database (CCD), a United States Department of State Database which contains passport and visa application records, using HERNANDEZ ESTRADA's name and date of birth. I found no record of HERNANDEZ ESTRADA ever applying for or receiving a United States visa.

15. I queried the Person Centric Query System (PCQS) which is a United States Citizenship and Immigration Services Database for immigration benefits which returned negative for any pending or approved petitions that would allow HERNANDEZ ESTRADA to legally be present in the United States.

16. I queried the Arrival and Departure Information System (ADIS) which is a U.S. Customs and Border Protection database that tracks the arrival and departure of international travelers. I found no record of HERNANDEZ ESTRADA ever being lawfully admitted or paroled into the United States.

17. I advised HERNANDEZ ESTRADA of his Miranda Rights verbally and in writing in the English Language with CBP Officer S. Wagner as a witness. HERNANDEZ ESTRADA acknowledged his rights and agreed to answer questions without a lawyer present. During the interview, HERNANDEZ ESTRADA stated he was born in Guatemala City, Guatemala and claimed to be a citizen of Guatemala. HERNANDEZ ESTRADA admitted to previously being removed from the United States as an aggravated felon, as defined in section 101(a)(43) of the act, from Arizona to Guatemala. HERNANDEZ ESTRADA stated he re-entered the United States sometime in 2019 without inspection at or near Presidio, Texas. HERNANDEZ ESTRADA stated he did not apply for permission to re-enter the United States.

18. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

19. Based on the mentioned facts, there is probable cause to believe that on or about November 7, 2025, at or near Detroit, Michigan, in the Eastern District of Michigan, Holmar Donely HERNANDEZ ESTRADA, an alien from Guatemala, who was previously removed from the United States as an Aggravated Felon, was found in the United States after having been excluded, deported, or removed without obtaining express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for permission to enter the United States in violation of Title 8 United States Code, Section 1326(a), (b)(2).

Respectfully submitted,

_____
Jeffrey E. Beswick
U.S. Customs and Border Protection Officer


Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Hon. Anthony P. Patti
United States Magistrate Judge


Date: November 10, 2025

5